02-11-154-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00154-CV

 

 


 
 
 IN THE INTEREST OF L.L.F., T.L.F., K.D.B., II,
 A.A.H., AND N.C.H., children
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

 

FROM THE 323RD
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Mother attempts to appeal from the trial court’s order dated April 14, 2011, in
which the associate judge terminated her parental rights to L.L.F., T.L.F.,
K.D.B. II, A.A.H, and N.C.H. in cause number 323-92486J-10.  In the same case,
the associate judge terminated alleged biological father T.F.’s parental rights
to L.L.F. and T.L.F. and alleged biological father K.B.’s parental rights to
K.D.B. II.  The associate trial judge declined to terminate alleged biological
father D.H.’s parental rights to A.A.H. and N.C.H. and appointed D.H. as A.A.H.
and N.C.H.’s possessory conservator.

On
May 24, 2011, we sent a letter to Mother informing her of our concern that we
may not have jurisdiction because her notice of appeal appeared to be premature. 
We informed Mother that we had received notice that a new petition had been
filed in the trial court after the associate trial judge signed the April 14,
2011 order and that it remained pending, making the April 14, 2011 order an
unappealable interlocutory order.[2]  See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (stating that generally an
appeal may be taken only from a final judgment and that a judgment is final and
appealable if it disposes of all parties and all issues); In re B.F.G.,
No. 02-09-00136-CV, 2009 WL 1996292, at *1 (Tex. App.—Fort Worth July 9, 2009,
no pet.) (mem. op.) (dismissing attempted appeal of termination of parental
rights for want of jurisdiction when termination order did not dispose of the
presumed fathers’ parental rights to all four children and did not dispose of
mother’s parental rights to one child).

We also
informed Mother that the April 14, 2011 order had been signed by an associate
judge but that appellate deadlines in suits affecting the parent-child
relationship are triggered by an order or judgment signed by the district judge.
 See Tex. Fam. Code Ann. § 201.016(b)–(c) (West 2010) (stating that
except for agreed orders and default orders, the date an order or judgment by
the referring court is signed is the controlling date for purposes of an appeal
to the court of appeals).  We stated that the parties had until June 13, 2011,
to correct the defect in the record by furnishing this court with a signed,
final judgment that disposes of all parties and that if no final judgment
disposing of all parties had been signed and furnished by that date, we would
dismiss the appeal for want of jurisdiction.

Mother’s
counsel filed a response to our May 24, 2011 letter, asking us to maintain the
filings in this case as “premature filings” subject to being deemed “filed”
when a final appealable order is entered by the trial court.  However, as of
June 20, 2011, no trial settings or new final orders had been issued by the
trial court in this case.  Accordingly, we decline Mother’s counsel’s
invitation to retain this case on our docket for an indeterminate period, and
we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P.
42.3(a), 43.2(f).

 

 

PER CURIAM

 

PANEL: 
MCCOY,
MEIER, and GABRIEL, JJ.

 

DELIVERED: September 8, 2011









[1]See Tex. R. App. P. 47.4.





[2]The new petition seeks to
terminate alleged father W.H.’s parental rights to T.L.F.